UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

            Plaintiff,

vs.

STATE FARM FLORIDA INSURANCE
COMPANY

            Defendant.
_____/

## PLAINTIFF'S COMPLAINT

Plaintiff, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), files this Complaint against Defendant, State Farm Florida Insurance Company ("State Farm"), and alleges:

### Nature of Plaintiff's Claims

1. This is an action for declaratory relief involving a contractor's insurance policy (the "Contractors Policy") and a commercial liability umbrella policy (the "Umbrella Policy") State Farm issued to Riteway Insurance Repair Service, Inc. ("Riteway"), in which Liberty Mutual is an additional insured. This action also includes a claim for State Farm's breach of the Contractors Policy.

2. The Contractors Policy required State Farm to defend Liberty Mutual against claims or suits seeking damages because of property damage arising out of work or operations performed by Riteway. Regina Suarez and Jorge Sosa sued Liberty Mutual for property damage (the "Suarez-Sosa Lawsuit"), and State Farm was given notice of the Suarez-Sosa Lawsuit. But

State Farm initially refused to provide any defense whatsoever to Liberty Mutual, asserting Liberty Mutual was not an additional insured under the Contractors Policy. Years later, State Farm ultimately agreed to defend Liberty Mutual, but only for the time period after the Suarez-Sosa Lawsuit was amended to expressly state a claim for vicarious liability against Liberty Mutual, which State believed was the first time such an allegation was made.

3. State Farm breached the Policy by wrongfully refusing to defend Liberty Mutual in the Suarez-Sosa Lawsuit from the time State Farm was first notified of the Suarez-Sosa Lawsuit. Liberty Mutual seeks damages, consisting of attorneys' fees and costs incurred in defending the Suarez-Sosa Lawsuit from that time.

4. Liberty Mutual also seeks a judicial declaration that State Farm's coverage of Liberty Mutual under the Contractors Policy and the Umbrella Policy is not limited only to vicarious liability claims or limited by the language in an Additional Insured endorsement in the Contractors Policy State Farm unilaterally prepared on or after November 11, 2013. Rather, Liberty Mutual is entitled to defense and indemnity against claims of independent negligence or other conduct asserted against it.

**Parties**

5. Liberty Mutual is an insurance company incorporated under the laws of the State of Wisconsin, with its principal place of business in Massachusetts. Liberty Mutual is duly authorized to transact business in Florida.

6. State Farm is a Florida corporation with its principal place of business in Winter Haven, Florida, that regularly transacts business in Miami-Dade County, Florida.

**Jurisdiction and Venue**

7. Liberty Mutual has suffered damages in excess of $75,000. Complete diversity of citizenship exists among the parties, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

8. Venue is proper in the Southern District of Florida, in accordance with 28 U.S.C. § 1391(b)(1) and (2), because State Farm resides in this judicial district pursuant to 28 U.S.C. §1391(d), and because a substantial part of the events or omissions giving rise to Liberty Mutual's claim occurred, and the property that is the subject of the action is situated, in this judicial district.

**Riteway Secures Liability Insurance Coverage from State Farm for Liberty Mutual**

9. Liberty Mutual entered into a contract with Riteway in which Riteway agreed to make Liberty Mutual an additional insured under a liability policy for claims arising out of the work or operations performed by Riteway, and to furnish Liberty Mutual with a certificate demonstrating the insurance was in force.

10. State Farm issued the Contractors Policy, which has a policy period from January 26, 2009 to January 26, 2010. A copy of the Contractors Policy is attached as Exhibit 1. State Farm issued a certificate of insurance for the Contractors Policy on January 27, 2009, confirming Liberty Mutual was an additional insured under the Contractors Policy. A copy of the certificate of insurance is attached as Exhibit 2.

11. Section II, Coverage L of the Contractors Policy, provides in part:

> BUSINESS LIABILITY
>
> We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury, property damage, personal injury or advertising injury to which this insurance applies.

Coverage L further provides:

> RIGHT AND DUTY TO DEFEND
>
> We will have the right and duty to defend any claim or suit seeking damages payable under this policy even though the allegations of the suit may be groundless, false or fraudulent.

10. State Farm also issued the Umbrella Policy, which has a policy period from April 28, 2008 to April 28, 2009. A copy of a portion of the Umbrella Policy, which copy was furnished by State Farm to Liberty Mutual in response to a request made pursuant to Fla. Stat. §627.4137 for policies that do or may provide liability insurance coverage to pay all or a portion of any claim against Liberty Mutual in the Suarez-Sosa Lawsuit, is attached as Exhibit 3. Upon information and belief, State Farm renewed this Umbrella Policy for the period from April 28, 2009 through April 28, 2010, although State Farm did not provide Liberty Mutual with a copy of the policy for this period.

11. The Umbrella Policy, in the section captioned "Comprehensive Business Liability", provides in part:

> BUSINESS LIABILITY
>
> If you are legally obligated to pay damages for…:
>
> **3. property damage;** ...
>
> to which this insurance applies, we will pay your **net loss** minus the retained limit…

The Umbrella Policy further provides State Farm has a duty to defend under certain circumstances:

> RIGHT AND DUTY TO DEFEND
>
> 1. When **underlying insurance** or any other insurance does not apply to an **occurrence**:
>
>    If claim or **suit** is covered by this policy but not covered by any **underlying insurance** or any other insurance available to the insured, we will have the right and duty to defend any claim or suit seeking damages payable under this policy

      even though the allegations of the suit may be groundless, false or fraudulent.
…

2. When underlying insurance applies to an **occurrence**:

   …

   c. If the limits of the **underlying insurance** are **exhausted** by an occurrence, we will assume charge of the settlement or defense of any claim or proceeding against the insured resulting from the same **occurrence**. We will assume charge only when this policy applies and is immediately in excess of the **underlying insurance** without intervening excess insurance with another insurer.

12. State Farm has not provided Liberty Mutual with a complete copy of the Umbrella Policy that includes all the Declarations pages, despite Liberty Mutual's multiple requests, but upon information and belief the Contractors Policy qualifies as "underlying insurance" as defined in the Umbrella Policy. Because Liberty Mutual is an insured under the Contractors Policy, it is also an insured under the Umbrella Policy. The Umbrella Policy, in a section captioned "Designation of Insured", provides:

> 2. Each of the following is also an insured:
>
> ….e. any other person or organization who is insured under any policy of underlying insurance. The coverage for such insureds under this policy is subject to all the coverage limitations found in the underlying insurance other than the limits of insurance;

Liberty Mutual independently is an insured under the Umbrella Policy because of Riteway's written agreement to provide liability insurance for Liberty Mutual with respect to Riteway's operations:

> 2. Each of the following is also an insured:
>
> ….d. any person or organization for whom you have agreed to provide insurance such as is afforded by this policy. Such agreement must be in the form of a written contract. This applies only with respect to:

  (1) operations you perform;

  (2) facilities you own or use; or

  (3) the underlying limit applicable to your insurance with respect to such operation or facility;

**The Suarez-Sosa Lawsuit & Liberty Mutual's Requests for Defense from State Farm**

  13. On or about February 26, 2010, Regina Suarez ("Suarez") and Jorge Sosa ("Sosa") filed their original complaint against Liberty Mutual in the Suarez-Sosa Lawsuit. The original complaint alleges Suarez and Sosa, pursuant to a property insurance policy issued by Liberty Mutual, notified Liberty Mutual the dining room floor in their home was sagging. The complaint further alleges Liberty Mutual directed Riteway to repair the property, that Riteway commenced demolition of the property without properly securing the floor, and that the first floor collapsed crushing the crawlspace, plumbing pipes, electrical conduits, compromising the structure and causing severe damages to the home. The complaint further alleges Riteway packed up and stored their personal property, and damaged such property or lost it or both. The original complaint included counts for breach of contract, fraud, declaratory judgment, negligence, "violations against defendant acting as a contractor", and "[violations] against defendant acting as a moving company and/or aiding or abetting an unlicensed moving company".

  14. On April 26, 2010, Suarez and Sosa amended their complaint, maintaining the same general allegations against Liberty Mutual, eliminating their fraud and declaratory judgment counts against Liberty Mutual, adding a claim for breach of implied covenant of good faith and fair dealing, and adding Riteway as a defendant. A copy of the amended complaint is attached as Exhibit 4.

15. State Farm received notice of the Suarez-Sosa Lawsuit through a letter dated June 28, 2011, from Liberty Mutual's counsel, which letter requested defense and indemnification from Riteway. The June 28, 2011 letter also referenced Suarez and Sosa's recent summary judgment motion that evidenced their theory that Riteway was acting as Liberty Mutual's agent, and explaining that the theory would make Liberty Mutual vicariously liable for Riteway's negligent or wrongful acts during Riteway's performance of the work in connection with their residence.

16. Counsel for State Farm responded to Liberty Mutual's June 28, 2011 letter with a May 14, 2012 letter stating State Farm had no duty to defend or indemnify Liberty Mutual. State Farm's May 14, 2012 letter further states Riteway never notified State Farm of Riteway's obligation to have Liberty Mutual named as an additional insured, and that "as a result, the Riteway-State Farm insurance contract was therefore issued without reference to Liberty Mutual, as a consequence of which Liberty Mutual lacks standing to demand that State Farm provide it with a defense". This statement was made despite State Farm having earlier issued its January 27, 2009 certificate of insurance identifying Liberty Mutual as an additional insured. State Farm's May 14, 2012 letter also argued State Farm had no duty to defend Liberty Mutual because the claims asserted against Liberty Mutual were predicated on Liberty Mutual's own active negligence, and not the performance of Riteway's work.

17. On October 18, 2012, Suarez and Sosa filed a Second Amended Complaint in the Suarez-Sosa Lawsuit, a copy of which is attached as Exhibit 5. The Second Amended Complaint added a count against Liberty Mutual for "Vicarious Liability for Gross Negligence and Fraud by Riteway".

18. On March 18, 2013, Liberty Mutual sent a letter to State Farm's counsel, once again requesting a defense in the Suarez-Sosa Lawsuit, pointing out: (1) that Suarez and Sosa had

amended their complaint to add a claim against Liberty Mutual for vicarious liability for Riteway's gross negligence and fraud; (2) that this count was dismissed with leave to amend; and (3) that Liberty Mutual expected a claim for vicarious liability based on agency would be permitted.

19. On May 1, 2013, Suarez and Sosa filed their Third Amended Complaint, a copy of which is attached as Exhibit 6, which adds counts against Liberty Mutual for "Negligent Hiring, Supervision and Retention Violation of the Building Code Law" and "Fraudulent Inducement", and modified the vicarious liability count against Liberty Mutual, labeling it "Vicarious Liability for Acts and Omissions of Riteway".

20. On October 9, 2013, Liberty Mutual, once again, sent a letter to State Farm's counsel demanding that State Farm defend and indemnify Liberty Mutual in the Suarez-Sosa Lawsuit.

21. State Farm's counsel responded to the October 9, 2013 letter with a letter dated October 25, 2013, stating Liberty Mutual is "not an insured", and that "State Farm continues to disagree that it has any duty to defend Liberty Mutual, and respectfully declines Liberty Mutual's request for defense and indemnity".

22. On or after November 11, 2013, nearly three and one-half years after the Suarez-Sosa Lawsuit was filed, State Farm unilaterally prepared an Additional Insured Endorsement ("AI Endorsement") that further memorialized Liberty Mutual's status as an additional insured under the Contractors Policy, but that also added language purporting to restrict the scope of coverage for Liberty Mutual from that already afforded Liberty Mutual under the Contractors Policy. The AI Endorsement provides:

> WHO IS AN INSURED, under SECTION II DESIGNATION OF INSURED, is amended to include as an insured [Liberty Mutual], but only to the extent that liability is imposed on [Liberty Mutual] solely because of [Riteway's] work performed for [Liberty Mutual].

23. On March 7, 2014, Liberty Mutual's counsel sent a letter to State Farm's counsel, once again requesting State Farm defend Liberty Mutual in the Suarez-Sosa Lawsuit, enclosing a certificate of liability insurance issued by State Farm reflecting Liberty Mutual was an additional insured during the applicable Policy period.

24. In a letter dated April 17, 2014, State Farm wrote to Liberty Mutual agreeing to defend Liberty Mutual in the Suarez-Sosa Lawsuit under a reservation of rights.

25. On June 10, 2014, Liberty Mutual's counsel wrote State Farm's counsel asking that State Farm acknowledge it will reimburse Liberty Mutual for the defense fees and costs incurred by Liberty Mutual in the Suarez-Sosa Lawsuit from the initial tender of defense. State Farm did not agree to reimburse Liberty Mutual for its post-tender defense fees and costs, and Liberty Mutual sent State Farm a follow up demand letter on August 1, 2014.

26. On August 5, 2014, State Farm's counsel wrote Liberty Mutual's counsel agreeing to pay reasonable attorneys' fees and costs incurred by Liberty Mutual in defending the Suarez-Sosa Lawsuit, but only for the time period after May 1, 2014, when the Third Amended Complaint was served. State Farm stated its position that Liberty Mutual is an additional insured only for Liberty Mutual's vicarious liability, and not for any independent negligence or other conduct.

27. All conditions precedent to this action have been met or have been waived.

28. Liberty Mutual has retained undersigned counsel to represent it in this lawsuit, and is obligated to pay undersigned counsel a reasonable fee for their services. Liberty Mutual is entitled to recover its reasonable attorney's fees under §627.428, Florida Statutes.

**Count I**
**Breach of Contract**

29. Liberty Mutual incorporates its allegations in paragraphs 1 through 28 as if fully set forth in this Count.

30. State Farm breached its obligations to Liberty Mutual under the Contractors Policy by failing to timely defend Liberty Mutual after receiving notice of the Suarez-Sosa Lawsuit, and by refusing to pay Liberty Mutual's reasonable attorneys' fees and costs incurred in the Suarez-Sosa Lawsuit on or before May 1, 2014.

31. Liberty Mutual has incurred damages as a direct and proximate result of State Farm's breach of contract. These damages include the substantial attorneys' fees and costs Liberty Mutual has incurred in defending itself in the Suarez-Sosa Lawsuit after State Farm was notified of the suit and before the time period in which State Farm has agreed to pay for Liberty Mutual's defense.

WHEREFORE, Liberty Mutual demands judgment for damages against State Farm, and for attorneys' fees and costs incurred in prosecuting this action to recover benefits under the Contractors Policy, and for such other and further relief as this Court deems just and proper.

**Count II**
**Declaratory Judgment**

32. Liberty Mutual incorporates its allegations in paragraphs 1 through 28 as if fully set forth in this Count.

33. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, for the purpose of resolving a real and substantial controversy among the parties concerning the parties' legal rights, duties, and relationships with respect to the Contractors Policy, the Umbrella Policy and the underlying Suarez-Sosa lawsuit.

34. An actual controversy has arisen and now exists between Liberty Mutual and State Farm.

35. State Farm contends the scope of its coverage of Liberty Mutual with respect to the Suarez-Sosa lawsuit under the Contractors Policy is limited by the language in the AI Endorsement prepared by State Farm on or after November 11, 2013. State Farm further contends its coverage of Liberty Mutual under the Contractors Policy and Umbrella Policy is limited only to vicarious liability claims, and that the potential for coverage with respect to the Suarez-Sosa Lawsuit only arose upon the filing of the Third Amended Complaint.

36. Liberty Mutual, by contrast, contends State Farm's coverage under the Contractors Policy with respect to the Suarez-Sosa Lawsuit cannot be retroactively limited by the language in the AI Endorsement unilaterally added by State Farm on or after November 11, 2013. Liberty Mutual further contends State Farm's coverage under the Contractors Policy and the Umbrella Policy extends to all claims against Liberty Mutual arising out of work or operations performed by Riteway, including claims involving Liberty Mutual's independent negligence or other conduct, and is not limited only to vicarious liability claims. Alternatively, Liberty Mutual further contends that if it is determined that coverage is limited under the Contractors Policy to only claims of vicarious liability for Liberty Mutual, or that there was no potential for coverage under the Contractors Policy for Liberty Mutual before the filing of the Third Amended Complaint, which Liberty Mutual denies, then State Farm nevertheless had a duty to defend Liberty Mutual under the Umbrella Policy from the time State Farm received notice of the Suarez-Sosa Lawsuit through the June 28, 2011 letter from Liberty Mutual's counsel.

WHEREFORE, Liberty Mutual respectfully requests this Court:

(1) Declare State Farm's coverage of Liberty Mutual under the Contractors Policy with respect to the Suarez-Sosa Lawsuit is not limited by the language in the AI Endorsement prepared by State Farm on or after November 11, 2013;

(2) Declare State Farm's coverage under the Contractors Policy and Umbrella Policy extends to claims against Liberty Mutual in the Sosa-Suarez Lawsuit involving Liberty Mutual's independent negligence or other conduct, and not only claims brought under a theory of vicarious liability;

(3) Declare State Farm is obligated to pay Liberty Mutual's defense fees and costs from June 28, 2011, through the present, under the Contractors Policy, or alternatively, under the Umbrella Policy; and

(4) Award Liberty Mutual its reasonable attorneys' fees and costs incurred in prosecuting this lawsuit pursuant to §627.428, Florida Statutes.

## Demand For Jury Trial

Liberty Mutual demands a trial by jury of all issues so triable.

Dated: _____, 2015.

                          Respectfully submitted,

                          s/ Jeffrey S. Lapin
                          Jeffrey S. Lapin
                          Florida Bar No. 0993298
                          Jonathan R. Rosenn
                          Florida Bar No. 101346
                          Attorneys for Plaintiff
                          Lapin & Leichtling, LLP
                          255 Alhambra Circle
                          Suite 1250
                          Coral Gables, Florida  33134
                          Telephone: 305-569-4100
                          Fax: 305-569-0000
                          E-mail:  JLapin@LL-lawfirm.com
                          E-mail:  JRosenn@LL-lawfirm.com